**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LISA J. OLSEN,** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 06-** |
| | : | |
| **AMERICAN POWER CONVERSION** | : | |
| **CORPORATION and DWIGHT SPERRY,** | : | |
| **Defendants** | : | |

# COMPLAINT

## I. Introduction

This is an action brought by the Plaintiff, Lisa J. Olsen, seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to redress unlawful discrimination and retaliation in employment committed by Defendants in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*, and common law.

## II. Parties

1. The Plaintiff resides in the Town of East Greenwich, County of Kent, State of Rhode Island, and was formerly employed by Defendant American Power Conversion Corporation ("APC").

2. Defendant APC is a corporation duly organized pursuant to the laws of the Commonwealth of Massachusetts with its principal place of business located in the Town of West Kingston, County of Washington, State of Rhode Island.

3. Defendant Dwight Sperry ("Sperry"), was, at all relevant times herein, employed by Defendant APC as General Manager at Defendant APC's West Kingston, Rhode Island location.

## III. Jurisdiction

4. This Court has jurisdiction over Plaintiff's Title VII claim pursuant to 42 U.S.C. §2000e-5(f).

5. This Court has jurisdiction over the Plaintiff's FEPA claim, RICRA claim, and common law claims pursuant to this Court's supplemental jurisdiction. 28 U.S.C. §1367(a).

## IV. Venue

6. Venue is proper in this Court in accordance with 28 U.S.C. §1391(a) insofar as the events giving rise to the claims alleged herein occurred in the judicial district of this Court.

## V. Exhaustion of Administrative Remedies

7. On or about May 10, 2005, the Plaintiff co-filed a charge alleging discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC").

8. On or about April 18, 2006, more than 120 days but not more than two (2) years having elapsed since the filing of the original charge, the Plaintiff co-filed a Request for Notice of Right to Sue with the RICHR and EEOC.

9. On or about April 20, 2006, the RICHR issued a Notice of Right to Sue to the Plaintiff.

10. There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## VI. Material Facts

11. On or about July of 1997, Plaintiff was hired by Defendant APC as a system analyst.

12. At all relevant times, Plaintiff was a loyal, valued and exemplary employee and was so regarded by Defendant APC. This is evidenced, in part, by superior performance reviews,

promotions, and the award of bonuses and stock options based on performance on numerous occasions.

13. As of Plaintiff's last performance review in April of 2004, she received a superior evaluation and was awarded a pay raise.

14. From on or about June of 1998 to March 3, 2004, Plaintiff's husband, Martin Olsen, was also employed at Defendant APC.

15. At all relevant times, Plaintiff's husband was a hard-working, loyal and valued employee of Defendant APC, who regularly performed in a superior manner. This description of her husband's performance as an employee of Defendant APC is evidenced, in part, by superior performance reviews, promotions, the award of stock options for exceptional performance on numerous occasions, and his selection for and willingness to transfer where ever and whenever needed by Defendant APC.

16. Nevertheless, on or about March 3, 2004, Plaintiff's husband was abruptly terminated by Defendant APC at the behest of Defendant Sperry, without any justifiable cause, and in violation of Defendant APC's own established policy and procedure for progressive discipline prior to termination.

17. Plaintiff's husband is a Danish national.

18. Following the abrupt termination of her husband's employment at Defendant APC, Plaintiff complained to her immediate supervisor as well as upper level management at Defendant APC, that the termination of her husband's employment was discriminatory and wrongful.

19. That on or about June of 2004, Plaintiff's husband asserted claims of discrimination based upon national origin/country of ancestral origin against Defendant APC and Defendant Sperry.

20. On or about July 14, 2004, the Plaintiff reiterated to upper level management at Defendant APC that her husband's termination was discriminatory and wrongful, that she opposed his wrongful termination, and disclosed that her husband had asserted claims of discrimination based upon national origin/country of ancestral origin against Defendant APC and Defendant Sperry.

21. The Plaintiff assisted and supported her husband in asserting claims of discrimination against Defendants, and that, in any event, on information and belief, Defendants so perceived or understood that to be the case.

22. On July 16, 2004, Plaintiff's employment at Defendant APC was abruptly terminated without cause, and in violation of Defendant APC's own established policy and procedure for progressive discipline prior to termination.

23. On information and belief, Plaintiff's employment at Defendant APC was terminated at the behest of Defendant Sperry.

24. On information and belief, other employees who complained to Defendant Sperry about the termination of Plaintiff's husband were also abruptly terminated.

25. That Plaintiff's employment was terminated by Defendants due, in whole or in part, to her engaging in protected conduct, in particular, opposing employment discrimination against her husband on the basis of national origin/country of ancestral origin perpetrated by the Defendants, and assisting and supporting her husband in a complaint asserted relative thereto, and for complaining about the discriminatory work environment at Defendant APC.

26. That Defendant APC's original purported reason for terminating Plaintiff's position was that her "services were no longer needed."

27. However, such reasoning was pretext for retaliation insofar as Defendant APC has posted and has hired or will hire a replacement employee with similar qualifications and experience to fill Plaintiff's position as an order fulfillment manager.

28. Defendants subsequently contended that the Plaintiff was terminated due to the "possible disclosure of highly confidential sales and marketing information" because her husband was employed by Wright Line, LLC, a purported competitor of APC.

29. Wright Line and APC do not really compete. Wright Line designs and fabricates *custom* data consoles to customer specifications. APC sells almost exclusively *standard* consoles in its product line, which accounts for less than 2.5% of APC's business. Accordingly, Plaintiff does not have any knowledge of purported "highly confidential sales and marketing information" relative to the foregoing product line.

30. The fact that Plaintiff did not have "access to sensitive information" regarding the foregoing product line, the minor nature of the line, and the lack of any real competition between APC and Wright Line all combine to establish a compelling inference that the most recent, self-serving stated reason for her termination offered by Defendants—the risk of disclosure of sensitive information which could be damaging to APC—is as false and pretextual as the original purported basis of her termination.

31. Defendants knew as early as May of 2004 that Plaintiff's husband had accepted employment with Wright Line. Nevertheless, Defendants took no action or expressed any concern to Plaintiff.

32. Plaintiff's husband asserted a Title VII claim against Defendants on or about June 1, 2004. Nevertheless, Defendants took no action or expressed any concern to Plaintiff.

33. On June 16, 2004, Plaintiff was terminated two days after reasserting opposition to her husband's discriminatory termination and expressing support for his Title VII claim. The

temporal proximity of Plaintiff's protected conduct to her termination raises a compelling inference that her termination was retaliatory.

34. Finally, the fact that others who complained about and opposed Plaintiff's husband's termination were fired by Defendant Sperry or at his behest, that Defendant Sperry was responsible for Plaintiff's termination, even though she did not work in his department, and the failure of APC to follow its own policy and procedures regarding termination, also support a compelling inference that the reasons offered her termination were false and pretextual and that her termination was retaliatory.

35. Defendants retaliated against the Plaintiff for complaining about and opposing the unlawful and discriminatory termination of her husband's employment at Defendant APC, and supporting his claim of discrimination asserted relative thereto.

36. Furthermore, insofar as Plaintiff was employed by Defendant APC until July 16, 2004 and received a superior evaluation in April of 2004, she earned and was entitled to receive a 2004 second quarter bonus.

37. Plaintiff has demanded payment of the same, but Defendant APC has failed and/or refused to make payment.

38. That Defendants' actions and/or omissions are in violation of Title VII, the FEPA, the RICRA, and common law, and were intentional, willful, malicious, and/or with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

39. As a proximate result of the Defendants' acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer economic damages, severe mental and physical anguish, pain and suffering, loss of enjoyment of life and other great harm.

## VII. Claims For Relief

40. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 of this Complaint in each of the counts below with the same force and effect as if set forth therein.

### Count One
### Unlawful Retaliation in Violation of 42 U.S.C. §2000e, *et seq.*

41. The actions and/or omissions of Defendants, including, but not limited to, those described herein, constitute retaliation in violation of Title VII of the Civil Rights Act of 1964, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under Title VII.

### Count Two
### Unlawful Retaliation in Violation of R.I.G.L. §28-5-1, *et seq.*

42. The actions and/or omissions of Defendants, including, but not limited to, those described herein, constitute retaliation in violation of the Fair Employment Practices Act, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Fair Employment Practices Act.

### Count Three
### Unlawful Retaliation in Violation of R.I.G.L. §42-112-1, *et seq.*

43. The actions and/or omissions of the Defendants, including, but not limited to, those described herein, constitute retaliation in violation of the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

### Count Four
### Breach of Contract

44. Defendant APC, by its acts and/or omissions, including, but not limited to, those described herein, breached an employment contract entered into with Plaintiff by failing and/or

refusing to pay her the 2004 second quarter bonus which she earned and to which she was entitled, thereby causing the Plaintiff to suffer damages as aforesaid.

**Count Five**
**Breach of Covenant of Good Faith and Fair Dealing**

45. Defendant APC, by its acts and/or omissions, including, but not limited to, those described herein, in bad faith, failed and/or refused to pay Plaintiff the 2004 second quarter bonus, in violation of the covenant of good faith and fair dealing, thereby causing the Plaintiff to suffer damages as aforesaid.

## VIII. Prayers for Relief

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that Defendants, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*., and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*.

2. An injunction enjoining and permanently restraining the Defendants from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*., and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*.

3. Award Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon.

4. Award Plaintiff compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon.

5. Award Plaintiff exemplary damages for Defendants' intentional, malicious, reckless and/or willful violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*., and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*.

6. Award Plaintiff reasonable attorney's fees and costs of litigation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-24(a)(3), and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-2.

7. Such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

Plaintiff hereby designates Richard A. Sinapi, Esquire, as trial counsel.

**PLAINTIFF,**
By her attorneys,
**SINAPI, FORMISANO & COMPANY, LTD.**

**Dated: April 24, 2006**

**Richard A. Sinapi (#2977)**
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040(facsimile)