UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LISA J. OLSEN<br>Plaintiff | : | |
| VS | : | C.A. No.: 06-201ML |
| AMERICAN POWER CONVERSION CORPORATION and DWIGHT SPERRY<br>Defendants | : | |

## AMENDED ANSWER

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint. Further answering, other employees of defendant American Power Conversion Corporation also served as a general manager at the West Kingston facility at all times relevant hereto.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required.

6. Paragraph 6 states a legal conclusion to which no response is required.

7. Defendants have insufficient information to admit or deny the allegations contained in paragraph 7.

8. Defendants have insufficient information to admit or deny the allegations contained in paragraph 8.

9. Defendants have insufficient information to admit or deny the allegations contained in paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is required.

11. Defendants admit that plaintiff was employed by defendant APC.

12. Defendants admit that plaintiff was an employee. Defendants object to the characterization of the plaintiff's status or performance.

13. Defendants admit that the plaintiff was evaluated and received a pay raise.

14. Defendants admit that Martin Olsen was employed APC.

15. Defendants admit that plaintiff's husband was an employee. Defendants object to the characterization of his status or performance.

16. The defendants deny the allegations contained in paragraph 16 of the Complaint.

17. The defendants admit that plaintiff's husband is a Danish national.

18. The defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that counsel for plaintiff forwarded a letter on behalf of plaintiff's husband.

20. The defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The defendants deny the allegations contained in paragraph 21 of the Complaint.

22. The defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The defendants deny the allegations contained in paragraph 24 of the Complaint.

25. The defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The defendants deny the allegations contained in paragraph 27 of the Complaint.

28. The defendants admit that plaintiff was terminated because of concerns related to the possible disclosure of confidential information. Further answering, defendants state that the referenced correspondence speaks for itself.

29. The defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The defendants deny the allegations contained in paragraph 31 of the Complaint.

32. The defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The defendants admit that plaintiff's counsel forwarded correspondence on behalf of plaintiff's husband. Further answering, defendants' took no adverse action against the plaintiff in connection with the correspondence.

34. The defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The defendants deny the allegations contained in paragraph 35 of the Complaint.

36. The defendants deny the allegations contained in paragraph 36 of the Complaint.

37. The defendants deny the allegations contained in paragraph 37 of the Complaint.

38. The defendants deny the allegations contained in paragraph 38 of the Complaint.

39. The defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants repeat and incorporate their responses to paragraphs 1-39.

41. The defendants deny the allegations contained in paragraph 41 of the Complaint.

42. The defendants deny the allegations contained in paragraph 42 of the Complaint.

43. The defendants deny the allegations contained in paragraph 43 of the Complaint.

44. The defendants deny the allegations contained in paragraph 44 of the Complaint.

45. The defendants deny the allegations contained in paragraph 45 of the Complaint.

<u>First Affirmative Defense</u>

Plaintiff's complaint fails to state a claim upon which relief may be granted.

<u>Second Affirmative Defense</u>

Plaintiff was an at-will employee.

<u>Third Affirmative Defense</u>

Plaintiff has failed to mitigate her damages, if any.

<u>Fourth Affirmative Defense</u>

Defendant Sperry is not a proper party to this action.

<u>Fifth Affirmative Defense</u>

Plaintiff has failed to exhaust administrative remedies and asserted claims that exceed the scope of her administrative charge.

<u>Sixth Affirmative Defense</u>

Plaintiff's claims are time barred.

<u>Seventh Affirmative Defense</u>

Any actions taken in connection with plaintiff's employment were taken for lawful reasons.

<u>Eighth Affirmative Defense</u>

Plaintiff is not entitled to exemplary, punitive or liquidated damages.

WHEREFORE, plaintiff requests that they be awarded fees, interest, costs and attorneys' fees.

AMERICAN POWER CONVERSION
COMPANY and DWIGHT SPERRY

By their Attorney,
PANNONE LOPES & DEVEREAUX LLC

William E. O'Gara, Esquire (#4257)
1800 Financial Plaza
Providence, Rhode Island 02903
(401) 824-5100 (telephone)
(401) 824-5123 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the within was sent via first class mail, postage prepaid to Richard Sinapi, Esq., Sinapi Formisano & Company, Ltd., 100 Midway Place, Suite 1, Cranston, RI 02920-5707 on 20th day of July, 2006.